IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-48,498-02 and WR-48,498-04






EX PARTE ELKIE LEE TAYLOR









ON APPLICATION FOR WRIT OF HABEAS CORPUS OR, IN THE
ALTERNATIVE, A SUGGESTION THAT THE COURT, ON ITS OWN MOTION,
RECONSIDER OUR DISPOSITION OF HIS FIRST SUBSEQUENT WRIT
APPLICATION, AND MOTION FOR STAY OF EXECUTION FROM CAUSE
NO. 0542281 IN THE 297TH DISTRICT COURT

TARRANT COUNTY




 Per Curiam. Price, J., not participating.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for
stay of execution. In the alternative, applicant suggests that we, on our own motion,
reconsider our disposition of his first subsequent writ application.

 In June 1994, a jury found applicant guilty of capital murder. The jury answered
the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Taylor v. State, 920
S.W.2d 319 (Tex. Crim. App. 1996)(publ. in part). Applicant filed his initial post-conviction application for writ of habeas corpus in the convicting court on July 13, 1998. 
In that application, applicant raised nine claims, including a claim that the trial court
violated his right to be free from cruel and unusual punishment by instructing the jury that
it could convict him even though he was not a major participant in the crime. This Court
denied relief on March 28, 2001. Ex parte Taylor, No. WR-48,498-01 (Tex Crim. App.
Mar. 28, 2001)(not designated for publication). 

 Applicant filed his first subsequent writ application in the trial court on January 16,
2003. He raised three claims, including a claim that he could not constitutionally be
executed because he is mentally retarded. After remanding the mental retardation claim
to the trial court, we denied relief. Ex parte Taylor, No. WR-48,498-02 (Tex Crim. App.
Feb. 1, 2006)(not designated for publication). Applicant filed his second subsequent
application in the trial court on October 29, 2008. In the application, applicant raised the
single claim that he was denied a unanimous verdict because of erroneous instructions
given to the jury. We found that the allegation did not meet the dictates of Article 11.071,
§ 5, and dismissed applicant's application. Ex parte Taylor, No. WR-48,498-03 (Tex.
Crim. App. Nov. 3, 2008)(not designated for publication).

 In his third subsequent writ application, filed in the trial court this day, applicant
asserts that he is mentally retarded and cannot constitutionally be executed. He asserts
that this Court can reconsider this claim pursuant to the issues raised in the Woods case. 
See Ex parte Woods, No. AP-76,034 (Tex. Crim. App. Nov. 5, 2008)(briefing order - not
designated for publication). 

 Applicant is not in the same procedural posture as Woods. After reviewing the
record, we find that applicant has failed to meet the dictates of Article 11.071, § 5. 
Accordingly, his application is dismissed. Further, we decline to reconsider applicant's
mental retardation claim raised in his previous application. Applicant's motion for stay of
execution is denied.

 IT IS SO ORDERED THIS THE 6TH DAY OF NOVEMBER, 2008.


Do Not Publish